[No. 33119.   Department One.   October 13, 1954.]

JOHN ASTON, *Relator*, v. HAZEL EMERY, *as Auditor of Stevens County, Defendant*, THE SUPERIOR COURT FOR STEVENS COUNTY, *W. Lon Johnson, Judge, Respondent.*[1]

[1]Reported in 275 P. (2d) 439.

*Paine, Lowe, Coffin, Ennis & Herman, Alan G. Paine*, and *Alan P. O'Kelly*, for relator.

*Delbert R. Scoles*, for respondent.

MALLERY, J.—It is agreed that John Aston is qualified to be a candidate for commissioner of public utility district No. 1 of Stevens county. On September 22, 1954, he presented to the county auditor for filing a nominating petition for that position signed by more than one hundred qualified electors. The county auditor refused to accept the nominating petition for filing on the ground that it was presented less than forty-five days prior to the general election to be held November 2, 1954. Aston secured an order to show cause why the auditor should not file it. The county auditor demurred. The trial court entered an order sustaining the demurrer and dismissing the proceeding.

The matter is now before us on a writ of certiorari. The time for filing a nominating petition for the office of commissioner of a public utility district is the sole question presented.

Relator Aston invokes the provisions of RCW 54.12.060 [*cf.* Rem. Supp. 1941, § 11608, part]. This section is a part of the Laws of 1941, chapter 245, p. 809, relating to public utility districts. It specifically provides for the nomination of public utility district commissioners. The pertinent part reads:

"Nominations for commissioners shall be by petition signed by one hundred electors of the utility district, to be filed in the office of the county auditor not more than sixty days, and not less than *thirty* days prior to the day of election: . . ." (Italics ours.)

This language is unambiguous, and respondent concedes that it has not been specifically repealed. He contends, however, that it has been repealed by *implication* by the Laws of 1951, chapter 101, § 5, p. 251 [*cf.* RCW 29.21.060], the pertinent part of which reads:

"All candidates for district offices, *other than in irrigation districts*, shall file declarations of candidacy not more than sixty nor less than *forty-five* days prior to the date of the

election with the officer or board charged with the conduct of the election: *Provided*, That in the case of port districts and public utility districts, and in no others, nominations shall be made by means of nominating petitions: . . ." (Italics ours.)

It is respondent's position that the language "all candidates for district offices, other than in irrigation districts, shall file declarations of candidacy" includes commissioners of public utility districts within its purview. Otherwise the legislature would have said:

"All candidates for district offices, other than in irrigation districts, *port districts and public utility districts*, shall file declarations of candidacy not more than sixty nor less than forty-five days prior to the date of the election with the officer or board charged with the conduct of the election." (Italics ours.)

█ This contention to be valid must assume that nominating petitions for commissioners of public utility districts are the same for all purposes here in question as declarations of candidacy and, therefore, by analogy subject to the same time for filing. Upon this assumption, respondent argues that the two acts in question are so repugnant that they cannot be reconciled and, hence, that the latter repeals the former by implication.

We do not agree. Declarations of candidacy and nominating petitions have nothing in common, other than that they are both methods of getting candidates' names on the ballot. Irrigation district officers obtain their place on the ballot by declarations of candidacy, not by nominating petitions. The language in question applies to candidates other than in irrigation districts *who file declarations of candidacy*. This is made clear by the subsequent provision, which excludes from the operation of the section the port district and public utility district officers who get on the ballot by nominating petitions. The requirements of the nominating petitions are set out in the acts governing the respective districts; and the proviso specifically recognizes these provisions by excluding them from the purview of the preceding language of the section.

We find no repugnance between the statutes in question. On the contrary, there is a clear recognition and retention of the terms of the earlier statute in the language of the latter. The time for filing nominating petitions for commissioners of public utility districts is not less than thirty nor more than sixty days prior to the election. The instant nominating petition falls within these limits.

The order of the trial court is reversed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.